UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,

  v.

JOSEPH FRANCIS BRISSON II,

            Defendant.

_____/

No. 1:19-cr-231

Hon. PAUL L. MALONEY
United States District Judge

## BINDING PLEA AGREEMENT

This constitutes the plea agreement between Joseph F. Brisson II and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.   <u>The Defendant Agrees to Plead Guilty</u>. The defendant gives up the right to Indictment by a grand jury and agrees to plead guilty to the Superseding Information. The Superseding Information charges the defendant with three counts of possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B). This Plea Agreement is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed, in part, by Rule 11(c)(1)(C), as more fully set forth below.

2. <u>The Defendant Understands the Crime</u>. In order for the defendant to be guilty of violating Title 18, United States Code, Section 2252A(a)(5)(B), the following must be true:

    a.    the defendant knowingly possessed material that contained an image of child pornography;

    b.    such child pornography was produced using material that had been shipped or transported in interstate commerce by any means including computer; and

    c.    the defendant knew that the material constituted or contained child pornography.

The defendant is pleading guilty because the defendant is guilty of the charges described above.

3. <u>The Defendant Understands the Penalty</u>. The statutory minimum and maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2), is the following:

    a.    minimum imprisonment: 0 years;

    b.    maximum imprisonment: 10 years;

    c.    minimum period of supervised release: 5 years;

    d.    maximum period of supervised release: life;

    e.    a fine of $250,000,

    f.    a mandatory special assessment of $100;

g.      an additional mandatory special assessment of $5,000; and

h.      an additional special assessment of up to $17,000.

The defendant agrees to pay the special assessments at or before the time of

sentencing unless the defendant affirmatively demonstrates to the Court that he

lacks the ability to pay. The defendant understands that the Court has the

authority to impose consecutive sentences for each count, for a combined total of up

to 30 years' imprisonment.

4.      <u>Binding Sentencing Agreement</u>. Pursuant to Rule 11(c)(1)(C) of the

Federal Rules of Criminal Procedure, the defendant understands that this is a

binding plea agreement. If the Court accepts the plea agreement, the Court must

sentence the defendant to a term of incarceration of not less than 5 years and not

more than 30 years. The parties make no other binding provisions. The defendant

understands that the Court, with the aid of the presentence report, will determine

whether to accept or reject this binding plea agreement. The defendant and the U.S.

Attorney's Office understand that this plea agreement is void in its entirety if the

Court rejects the sentencing agreement contained in this paragraph.

5.      <u>Mandatory Restitution (MVRA)</u>. The defendant understands that he

will be required to pay full restitution as required by law. The defendant agrees

that the restitution order is not restricted to the amounts alleged in the count to

which he is pleading guilty. The parties recognize and agree that the total amount

of restitution will be determined at the time of sentencing.

6. <u>Supervised Release Defined</u>. Supervised release is a period of time following imprisonment during which the defendant will be subject to various restrictions and requirements. The defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. <u>Registration</u>. The defendant acknowledges and agrees that he must register as a sex offender in all applicable jurisdictions, including, but not limited to, the jurisdictions where he was convicted, resides, works, and attends school. The defendant understands that failure to register may subject him to prosecution.

8. <u>Forfeiture</u>. The defendant agrees to forfeit his right, title and interest in the following property:

a. an Apple iPhone 7, seized from the defendant on September 12, 2019;

b. an iBuyPower iSeries desktop computer, serial number B199-067F-93ED-A5C6-16; and

c. a white digital camera, seized from the defendant's work place on September 16, 2019,

(hereinafter referred to as the "subject property"). The defendant admits that he used the subject property to facilitate the offenses to which he is pleading guilty and

that the subject property is forfeitable pursuant to 18 U.S.C. § 2253(a)(1) and (a)(3). The defendant consents to the entry of a preliminary order of forfeiture concerning the subject property at or before the time of sentencing.

9.    Factual Basis of Guilt. The defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or the sentencing:

At his home in Manistee County, the defendant set up a hidden camera in the bathroom. On May 5, 2019, he saved a video on his desktop computer titled MOVI0005.avi, which depicted a 15-year-old girl fully nude as she entered and/or exited the shower; the video included the lascivious exhibition of the girl's genitals.

On May 6, 2019, on the same desktop computer, he saved two more videos, MOVI0010.avi and MOVI0081.avi, which depicted the same girl nude in the bathroom and included the lascivious exhibition of her genitals.

On May 9, 2019, the defendant saved another video to the same desktop computer. This was title MOVI0082.avi and showed the 15-year-old girl nude in the bathroom, including the lascivious exhibition of her genitals.

The videos were all stored on an iBuyPower iSeries desktop computer manufactured outside of the State of Michigan. The videos were intended or designed to elicit a sexual response in the viewer; the defendant used them as masturbatory aids.

10. <u>The United States Attorney's Office Agrees</u>.

a. <u>Dismissal of Other Counts/Charges.</u> The U.S. Attorney's Office agrees to move to dismiss the underlying Indictment against the defendant at the time of sentencing. The defendant agrees, however, that in determining the sentence the Court may consider the dismissed count in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement the defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

b. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose the defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to the defendant's request if it subsequently learns of conduct by the defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

11. <u>The Sentencing Guidelines</u>. The defendant understands that, although the United States Sentencing Guidelines (the "guidelines") are not mandatory, the Court must consult the guidelines and take them into account when sentencing the

defendant. Regardless of the ultimate guideline calculation by the Court, the defendant understands that as part of this plea agreement, if accepted by the Court, under no circumstances will the sentence be lower than 5 years. The defendant understands that this plea agreement will be null and void if the Court rejects the 5-year sentencing minimum agreed to by the parties. If the binding plea agreement is not accepted by the Court, the defendant is under no obligation to enter another plea agreement and may choose either to plead guilty or to proceed to trial. Even though this plea agreement contains a binding sentencing agreement, the defendant understands that the Court, with the aid of the presentence report, must still calculate a guideline range, taking into consideration the facts and calculations relevant to sentencing. The defendant understands that he and his attorney will have the opportunity to review the presentence report and make objections, suggestions, and recommendations concerning the calculation of the guideline range and the sentence to be imposed. The defendant further understands that the Court shall make the final determination of the guideline range that applies in this case, and may impose a sentence within, above, or below the guideline range, but not less than 5 years nor more than 30 years. The defendant further understands that disagreement with the guideline range or sentence shall not constitute a basis for withdrawal of the plea, but that if the Court rejects the 5-year minimum agreed to by the parties, the guilty plea will be null and void.

12.    The Parties Jointly Agree to the Following:

a.    Application of U.S.S.G. § 2G2.2(c)(1). The defendant and the

U.S. Attorney's Office recognize and agree that the applicable guideline for

possession of child pornography is U.S.S.G. § 2G2.2. However, it is the position of

the U.S. Attorney's Office that the cross-reference at § 2G2.2(c)(1) should apply, as

it states that "[i]f the offense involved .... using ... a minor to engage in sexually

explicit conduct for the purpose of producing a visual depiction of such conduct ...

apply § 2G2.1 ..." Here, it is the position of the government that the offense conduct

did involve using a minor to engage in sexually explicit conduct for the purpose of

producing a visual depiction of such conduct. The defendant understands the

position of the U.S. Attorney's Office but maintains the right to object to the

application of the cross reference to § 2G2.2(c)(1) at sentencing.

b.    There is No Agreement About the Final Sentencing Guidelines

Range. The defendant and the U.S. Attorney's Office have no agreement as to the

applicable sentencing guidelines factors or the appropriate guideline range. Both

parties reserve the right to seek any sentence within the agreed upon range of 5

years minimum and the statutory maximum of 20 years, and to argue for any

criminal history category and score, offense level, specific offense characteristics,

adjustments and departures.

13.    Waiver of Constitutional Rights. By pleading guilty, the defendant

gives up the right to persist in a plea of not guilty and the right to a speedy and

public trial by jury or by the Court. As a result of the defendant's guilty plea, there
will be no trial. At any trial, whether by jury or by the Court, the defendant would
have had the following rights:

      a.     The right to the assistance of counsel, including, if the defendant
could not afford an attorney, the right to have the Court appoint an attorney to
represent the defendant.

      b.     The right to be presumed innocent and to have the burden of
proof placed on the government to prove the defendant guilty beyond a reasonable
doubt.

      c.     The right to confront and cross-examine witnesses against the
defendant.

      d.     The right, if the defendant wished, to testify on the defendant's
own behalf and present evidence in opposition to the charges, including the right to
call witnesses and to subpoena those witnesses to testify.

      e.     The right not to be compelled to testify, and, if the defendant
chose not to testify or present evidence, to have that choice not be used against the
defendant.

      f.     By pleading guilty, the defendant also gives up any and all
rights to pursue in this Court or on appeal any affirmative defenses, Fourth
Amendment or Fifth Amendment claims, and other pretrial motions that have been
filed or could be filed.

14.   <u>Waiver of Appeal and Collateral Attack</u>.

a.   <u>Waiver</u>.   In exchange for the promises made by the U.S. Attorney's Office in entering this plea agreement, the defendant waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

b.   <u>Exceptions</u>:   The defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

1.   the defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

2.   the defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

3.   the guilty plea was involuntary or unknowing; or

4.   an attorney who represented the defendant during the course of this criminal case provided ineffective assistance of counsel.

If the defendant appeals or seeks collateral relief, the defendant may not present any issue in the proceeding other than those described in this subparagraph.

15.   <u>FOIA Requests.</u> The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be

sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. <u>Hyde Waiver.</u> The defendant acknowledges, by his voluntary admissions of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and he hereby disclaims and waives any right to make any claim for attorney fees.

17. <u>This Is a Binding Plea Agreement</u>. If the Court rejects the plea agreement, the defendant will have the opportunity to withdraw his guilty plea, and the U.S. Attorney's Office will have the opportunity to withdraw its promises in the agreement, including the promise to not pursue additional charges against the defendant. The defendant understands that if the court imposes a sentence consistent with this plea agreement, he will not be permitted to withdraw his guilty plea.

18. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by the defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

19. <u>Consequences of Breach</u>. If the defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which the

11

defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one year of the breach that gives rise to the termination of this agreement.

20.    <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

United States v. Joseph Francis Brisson II
1:19-cr-231
Plea Agreement

ANDREW BYERLY BIRGE
United States Attorney

12 Aug 20
_____
Date

_____
ALEXIS M. SANFORD
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

8-11-2020
_____
Date

_____
JOSEPH F. BRISSON II
Defendant

I am Mr. Brisson's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

8-11-2020
_____
Date

_____
SANFORD A. SCHULMAN
Attorney for Defendant

13